UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

June 17, 2020

LETTER TO COUNSEL

    RE:   *Tlee C. v. Saul*
           Civil No. DLB-19-3585

Dear Plaintiff and Counsel:

    On December 17, 2019, Plaintiff filed a complaint, *pro se*, contesting actions by the Social Security Administration ("SSA"). ECF No. 1. On March 25, 2020, the Commissioner filed a motion to dismiss for untimely filing. ECF No. 12. In support of its motion, the Commissioner submitted a declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch II of the Office of Appellate Operations, Social Security Administration, and supporting documentation. ECF No. 12-2, Declaration ("Podraza Decl."). This case is before me on consent of the parties. ECF Nos. 3, 9. I have carefully reviewed the parties' filings.[1] ECF Nos. 1, 12. No hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's motion to dismiss is granted.

    On December 13, 2016, the Appeals Council mailed Plaintiff notice of its decision denying her request for review of an adverse decision from an Administrative Law Judge pertaining to her disability claim. Podraza Decl. ¶ 3(a); ECF No. 12-2 at 26-28. That notice also advised Plaintiff of her right to commence a civil action within sixty days from receipt of the notice. *Id.*; *see* 42 U.S.C. § 405(g)-(h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Therefore, Plaintiff had to file her civil action on or before February 16, 2017. Plaintiff did not file her complaint until December 17, 2019. ECF No. 1. Through its declaration, the SSA has stated that it "is not aware of any request for an extension of time to file a civil action." Podraza Decl. ¶ 3(b).

    Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. There was no agreement to toll the deadlines in this case. Moreover,

---

[1] A Rule 12/56 letter was mailed to Plaintiff on April 24, 2020 advising her that a motion to dismiss was filed and that she had 28 days from the date of the letter to file an opposition. Plaintiff has not filed an opposition.

*Tlee C. v. Saul*
Civil No. 19-3585-DLB
June 17, 2020
Page 2

"because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000); *see also Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (explaining that "equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'") (quoting *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). Plaintiff has not alleged, and the record does not reflect, any misconduct on the part of the SSA in this case. As a result, equitable tolling is not warranted. Plaintiff filed her complaint nearly two years after the statutory limitations period had run, and, therefore, the Commissioner's Motion to Dismiss must be granted.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 12, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                        Sincerely yours,

                                        /s/

                                        Deborah L. Boardman
                                        United States Magistrate Judge